Seymour Wetzler v. Commissioner.
Wetzler v. Commissioner
Docket No. 31403.
United States Tax Court
1952 Tax Ct. Memo LEXIS 68; 11 T.C.M. (CCH) 1001; T.C.M. (RIA) 52297; October 10, 1952
Seymour Wetzler, pro se. John J. O'Toole, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioner in the amount of $1,964.97 for the year 1947. The deficiency was based upon disallowance of two deductions claimed by petitioner in his return, one in the amount of $785.50 identified as "car expense" (consisting of $520 for depreciation and $265.50 for gas and oil) and the other in the amount of $3,614.20 characterized as "travel and entertainment." Petitioner is a resident of Forest Hills, Queens, New York. He filed his return for the calendar year 1947 with the collector of internal revenue for the first district of New York. During 1947 petitioner owned one-third of the *69 stock of Gorgeous Blouse Company, Inc., and was employed by it as sales manager. As sales manager he traveled about thirty to thirty-five weeks of the year, spending from one to four days in each city visited. In February or March 1947, he purchased a Cadillac sedan for approximately $3,500. He used this car on some of his business trips, as well as for pleasure and ordinary commuting from his home to his place of business. He kept no records of mileage or of gas and oil purchased for the car, but he estimated that the car was driven about 20,000 miles in 1947, of which he allocated 15,000 miles to business use (including commuting). We are satisfied that his mileage estimates are reasonably accurate; however, he erroneously treated his commuting as a business use (cf. ; ; ; ; Regulations 111, Section 29.23(a)-2). Taking all the evidence in the record into account we are satisfied and so find that petitioner $175expended for gas and oil for use in his car for business purposes, and that a reasonable allowance for *70 depreciation on his car for 1947 is $250. Accordingly, we hold that petitioner is entitled to deduct $425 for expenses and depreciation with respect to his car in 1947. While on business trips, petitioner often used modes of transportation other than his car, such as railroad or plane. While traveling, it was his business to establish display rooms in hotels and meet prospective purchasers, whom he would, from time to time, entertain at lunch, dinner or theatre. Entertainment expenses of the kind incurred by petitioner are an ordinary and necessary aspect of a business such as petitioner's. He kept no records of his travel or entertainment expenses, and the record before us is far too meager to furnish any accurate figures as to petitioner's actual expenditures for these purposes. However, making the best estimate that we can from the evidence (cf. (C.A. 2)), we find as a fact and hold that petitioner made deductible expenditures for travel (other than by automobile) and entertainment in 1947 in the aggregate amount of $2,000. Decision will be entered under Rule 50.